TUSKA *v.* UNITED STATES (No. 408).[1]

1. BASKETS MADE OF BAMBOO SPLITS.

Baskets made of flat-looking narrow strips of split bamboo and so thin as to be flexible and capable of being woven. into a desired form are manufactures of chip and were dutiable under paragraph 449, tariff act of 1897.

2. BAGS AND BASKETS MADE OF WISTARIA OR RATTAN.

Both wistaria, a vine-like shrub with a bark, and rattan, which belongs to the palm family, have the appearance and general qualities of wood; and bags and baskets made of either were dutiable under paragraph 208, tariff act of 1897.

### United States Court of Customs Appeals, April 24, 1911.

APPEAL from a decision of the Board of United States General Appraisers, Abstract 23521 (T. D. 30710).

[Reversed.]

*John Giblon Duffy* (*Joseph G. Kammerlohr* of counsel) for appellants.

*D. Frank Lloyd*, Assistant Attorney General (*Charles D. Lawrence* on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DEVRIES, Judges.

SMITH, Judge, delivered the opinion of the court:

The collector of customs at the port of New York assessed certain imported bags and baskets as manufactures of wood under the provisions of paragraph 208 of the .tariff act of July 24, 1897, which paragraph reads as follows:

208. House or cabinet furniture, of wood, wholly or partly finished, *and manufactures of wood, or of which wood is the component material of chief value, not specially provided for in this act*, thirty-five per centum ad valorem.

The importers protested that the goods were not manufactures of wood, and claimed that some of the articles were manufactures of chip, that others were manufactures of grass or weeds, and that all of them were dutiable under the provisions of paragraph 449 of the same act, which paragraph reads as follows:

449. Manufactures of bone, *chip, grass*, horn, india-rubber, palm leaf, straw, *weeds*, or whalebone, or of which these substances or either of them is the component material of chief value, not specially provided for in this act, thirty per centum ad valorem; but the terms "grass" and "straw" shall be understood to mean these substances in their natural form and structure, and not the separated fiber thereof.

Chip is defined as—

A small, thin or flattish piece of wood or stone, cut or chopped out. (Standard Dictionary.)

Wood or Cuban palm leaf split into slips or straw plaited in a special manner for making hats or bonnets. (Webster's International Dictionary.)

From the evidence we conclude that chip is made by splitting or . shaving wood into thin, flexible, narrow strips. Considering the

---

[1] Reported in T. D. 31547 (20 Treas. Dec. 881).

process of manufacture in conjunction with the definitions given, we are of the opinion that the chip referred to in paragraph 449 may be defined as flat, narrow strips of wood split or shaved to a thinness and flexibility which will permit of their being woven, braided, or plaited into a definite shape or form. That chip is not limited by the statute to such material as is fit only for the manufacture of hats and bonnets does not seem to be debatable. Paragraph 409 specifically provides for hats, bonnets, and hoods made of chip, from which it may be deduced that the provisions in paragraph 449 are meant to cover manufactures of chip other than hats, bonnets, or hoods made of chip. From the testimony and samples it is evident that the baskets represented by Exhibits 1, 2, 6, and 7 are made of flattish, narrow strips of bamboo split so thin as to be flexible and to allow of their being woven or braided into the form desired. As bamboo is admittedly a wood, we must hold that the baskets so made are manufactures of chip and therefore dutiable under the provisions of paragraph 449. Morimura v. United States (167 Fed. Rep., 687; T. D. 29566.) See also T. D. 29696.

It seems to be conceded in the briefs that all of the bags and baskets not made of split bamboo, and which are represented by Exhibits 3, 4, and 5, are manufactured from material supplied by the plant known as wistaria, although there is some evidence tending to show that the material used in some of the bags and baskets is rattan. But whether made of wistaria or rattan we can not agree with counsel for the importers that such articles are manufactures either of weeds or grasses. Wistaria is a vinelike shrub with a bark. Rattan belongs to the palm family and is classed as a wood by paragraph 700. Both wistaria and rattan have the appearance and general qualities of wood and few, if any, of the characteristics of weeds or grasses as these terms are commonly understood. In our opinion the goods made of wistaria or rattan were properly assessed as manufactures of wood under the provisions of paragraph 208, and the decision of the collector as to such goods must be sustained. The entries will therefore be reliquidated, and all bags or baskets of split bamboo, represented by Exhibits 1, 2, 6, and 7, will be assessed for duty as manufactures of chip under the provisions of paragraph 449, and all bags or baskets of wistaria or rattan, represented by Exhibits 3, 4, and 5, will be assessed for duty as manufactures of wood under the provisions of paragraph 208.

From the record at hand it is impossible to determine with precision how far the decision of the Board of General Appraisers conflicts with this determination, but in so far as the decision does conflict it is *reversed*.

MONTGOMERY, Presiding Judge, and HUNT, BARBER, and DE VRIES, Judges, concur.