BRODY *et al. v.* UNITED STATES (No. 413).[1]

BASKETS MADE OF WILLOW WOOD—EO NOMINE RULE..

Manufactures of willow are covered by paragraph 212, tariff act of 1909, and baskets of wood are covered by paragraph 214 of that act. Applying the recognized doctrine that an *eo nomine* provision is more specific than one of general description, it must be held that the term baskets of wood, willow being concededly wood, is more specific than manufactures of willow, and baskets made of willow wood are dutiable under paragraph 214 of the act in question.

United States Court of Customs Appeals, May 1, 1911.

APPEAL from Board of United States General Appraisers, Abstract 23579 (T. D. 30733).

[Reversed.]

*Brown & Gerry* for appellants.

*D. Frank Lloyd,* Assistant Attorney General (*Charles E. McNabb* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, and DE VRIES, Judges.

BARBER, Judge, delivered the opinion of the court:

The issue here is whether baskets made of willow are dutiable under paragraph 212 or paragraph 214 of the tariff act of August 5, 1909. The respective paragraphs are as follows:

212. Chair cane or reeds wrought or manufactured from rattans or reeds, ten per centum ad valorem; osier or willow, including chip of and split willow, prepared for basket makers' use, twenty-five per centum ad valorem; manufactures of osier or willow and willow furniture, forty-five per centum ad valorem.

214. Porch and window blinds, baskets, curtains, shades, or screens of bamboo, wood, straw, or compositions of wood, not specially provided for in this section, thirty-five per centum ad valorem; if stained, dyed, painted, printed, polished, grained or creosoted, forty per centum ad valorem.

The baskets were classified and assessed by the collector under paragraph 212, and his action was sustained by the Board of General Appraisers.

Concededly, the baskets are manufactures of willow and they are also baskets of wood, using the term wood in its common, general, and botanical sense.

The Board of General Appraisers, for reasons which are set forth in their decision, held that Congress in the tariff act of 1909 "has said

---

1 Reported in T. D. 31573 (20 Treas. Dec., 955).

that for tariff purposes willow is not wood." In its last analysis such is the contention of the Government before us.

It is conceded that prior to the act of 1909 there was no *eo nomine* provision for baskets of wood, such as we now find in paragraph 214, and it seems that baskets like these had by the board and the courts been theretofore held classifiable for duty under paragraph 206 of the act of 1897, which was as follows:

206. Chair cane or reeds, wrought or manufactured from rattans or reeds, ten per centum ad valorem; osier or willow prepared for basket makers' use, twenty per centum ad valorem; manufactures of osier or willow, forty per centum ad valorem.

In view of these holdings and of the provisions of other paragraphs of the tariff act to which our attention is called, the Government urges that it must be held that Congress intended that baskets of willow should be excluded from baskets of wood and remain subject to the provisions of paragraph 206 of the act of 1897, as reenacted in paragraph 212.

Comparing this with paragraph 212, it will be observed that paragraph 206 has been extended by adding to osier or willow prepared for basket makers' use "chip of and split willow" and by adding "willow furniture" to manufactures of osier or willow.

It will of course be borne in mind that paragraphs 212 and 214 were contemporaneously enacted by Congress, so that one equally with the other is the latest expression of legislative intent.

Applying the recognized doctrine that an *eo nomine* provision is more specific than one of general description, it must be held that the term "baskets of wood," willow being concededly wood, is more specific than manufactures of willow. Basket is the specific name of the article involved here, while the term "manufactures of" is a general term applying to other manufactured articles as well as baskets.

Had not the provisions of paragraph 214 been incorporated in the act of 1909, it might be sound argument to urge that it should be presumed that Congress intended that the interpretation which had theretofore been given to the provisions of paragraph 206, so far as relates at least to willow baskets, would be continued and applied to the provisions of paragraph 212. But it will also be presumed that Congress took cognizance of the well-known rule of interpretation applied by the courts to tariff statutes—namely, that an *eo nomine* provision would control over a general description and, having seen fit to refer to baskets of wood *eo nomine*, the presumption loses its force.

By expressly including manufactures of willow in paragraph 212 Congress has excluded them from paragraph 214; but by specifically providing for baskets of wood in paragraph 214 they are excluded from paragraph 212. If it had been the intent of Congress to exclude from paragraph 214 baskets made of willow, it were easy to have used apt language for that purpose. If it had been intended to

include willow baskets in manufactures of willow, it was as easy to have said so in paragraph 212 as it was to add the words "and willow furniture" thereto, which clearly indicates that willow furniture, otherwise classifiable under paragraph 215 of the act of 1909 relating to house or cabinet furniture of wood, should nevertheless be classified under paragraph 212.

We think by its plain, unambiguous language Congress has said that baskets of wood which include willow shall be dutiable under paragraph 214.

A more exhaustive discussion of the controlling principles of this case may be found in Krauss *v.* United States (T. D. 31574), heard at our February (1911) session, in which we reach a like conclusion.

We hold that the baskets in this case are dutiable under paragraph 214 of the act of 1909, and the decision of the Board of General Appraisers is therefore *reversed.*