## THOMSEN *v*. UNITED STATES (No. 412).[1]

BASKETS OF WOOD, STAINED, DYED, OR PAINTED.

Baskets of wood, stained, dyed, or painted might be classed as baskets of wood under paragraph 214, or as manufactures of chip under paragraph 463, tariff act of 1909, but as the applicable language in paragraph 214 is the more exact and specific, it must be held to be controlling and the importation is dutiable under that paragraph.—Brody *v*. United States (2 Ct. Custs. Appls., 15; T. D. 31573); Krauss *v*. United States (2 Ct. Custs. Appls., 17; T. D. 31574).

### United States Court of Customs Appeals, May 8, 1911.

APPEAL from Board of United States General Appraisers, Abstract 23563 (T. D. 30733).

[Affirmed.]

*Brown & Gerry* (*John Giblon Duffy* and *Joseph G. Kammerlohr* of counsel) for appellants.

*D. Frank Lloyd*, Assistant Attorney General (*Edwin R. Wakefield* on the brief) for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

This case relates to an importation of baskets which are dutiable under the tariff act of 1909. The collector held them to be baskets

---

[1] Reported in T. D. 31590 (20 Treas. Dec., 1001).

of wood, stained, dyed, or painted, and therefore dutiable at 40 per cent ad valorem, under the provisions of paragraph 214. The appellants protested against this assessment, and claimed that the goods were manufactures of chip, and therefore dutiable at 35 per cent ad valorem under the provisions of paragraph 463. Several alternative claims were included within the protest, but the one just stated is the claim which appellants finally rely upon. The board overruled the protest, and the case is now submitted to this court for a review of that decision.

The facts in the case are few and undisputed. The importation consists of baskets. These are made of such wood shavings as are called chip, and they are stained, dyed, or painted.

The two paragraphs which the parties severally rely upon, are here copied in full.

214. Porch and window blinds, baskets, curtains, shades, or screens of bamboo, wood, straw, or compositions of wood, not specially provided for in this section, thirty-five per centum ad valorem; if stained, dyed, painted, printed, polished, grained, or creosoted, forty per centum ad valorem.

463. Manufactures of bone, chip, grass, horn, quills, india rubber, palm leaf, straw, weeds, or whalebone, or of which these substances or any of them is the component material of chief value, not specially provided for in this section, thirty-five per centum ad valorem; but the terms "grass" and "straw" shall be understood to mean these substances in their natural form and structure, and not the separated fiber thereof; sponges made of rubber, forty per centum ad valorem; combs, composed wholly of horn, or composed of horn and metal, fifty per centum ad valorem.

As will be seen, the first paragraph provides for baskets of wood, making them dutiable at 40 per cent ad valorem if stained, dyed, or painted. These terms certainly cover the importation, which consists of baskets of wood, stained, dyed, or painted. The second paragraph provides for manufactures of chip and makes them dutiable at 35 per cent ad valorem. This paragraph also plainly includes the articles in question, for they are manufactures and are composed of chip. The question therefore is between the two paragraphs and requires a decision as to which is the dominant provision.

The term "baskets," being the name of the articles, seems clearly to be a more exact and specific designation of them than the term "manufactures." This latter term in this application is one of general description only. The fact that the component material is more specifically described in the second paragraph does not conflict with this conclusion, for nevertheless the term baskets is the exact and specific name of the article itself.

This principle was involved in two cases which were recently decided by this court, namely, Brody et al. v. United States (2 Ct. Custs. Appls., 15; T. D. 31573) and Krauss & Co. v. United States (2 Ct. Custs. Appls., 17; T. D. 31574). The present decision is in accord with the views expressed in the two cases just named.

The decision of the board is therefore *affirmed*.