### UNITED STATES *v.* ZINN & CO. (No. 703).[1]

BASKETS OF STRAW, WILLOW, RATTAN, AND WOOD, LINED WITH SILK.

    "Baskets" is a term, descriptive *eo nomine,* and the sole requirement needed to bring "baskets" within the provisions of paragraph 214, tariff act of 1909, is that they should in fact be the articles there described, namely, baskets made of bamboo, wood, straw, or compositions of wood.—Thomsen *v.* United States (T. D. 31590.)

### United States Court of Customs Appeals, January 11, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7221 (T. D. 31587).
    [Affirmed.]

    *Wm. L. Wemple,* Assistant Attorney General (*Charles Duane Baker* on the brief), for the United States.
    *Walden & Webster* (*Henry J. Webster* of counsel) for appellees.

    Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:
The merchandise, imported during the month of October, 1909, consisted of certain baskets composed of straw, willow, rattan, and

---

1 Reported in T. D. 32171 (22 Treas. Dec., 79).

wood. All of such baskets were colored or stained, and were in each instance lined and padded with silk. An analysis of the original material of which the basket as thus lined was composed showed the chief value of the raw material to be silk. It does not appear that the value of the lining exceeded that of the finished basket. The appraiser returned these baskets as "manufactures of straw, wood, grass, cotton, and silk." They were assessed for duty as "manufactures of silk, silk chief value," at 50 per cent ad valorem under paragraph 403 of the act of 1909, which is as follows:

All manufactures of silk, or of which silk is the component material of chief value, including such as have india rubber as a component material, not specially provided for in this section, fifty per centum ad valorem: *Provided,* That all manufactures of silk enumerated under any paragraph of this schedule, if composed in any part of wool, shall be classified and assessed for duty as manufactures of wool.

The importer protested against this assessment, and on appeal to the Board of General Appraisers the protest was sustained. The claim asserted by the importers was that the merchandise was dutiable as "baskets of wood, willow, rattan, straw, stained," under paragraph 214 of the act of 1909, which is as follows:

Porch and window blinds, baskets, curtains, shades, or screens of bamboo, wood, straw, or compositions of wood, not specially provided for in this section, thirty-five per centum ad valorem; if stained, dyed, painted, printed, polished, grained, or creosoted, forty per centum ad valorem.

The Government appeals from this decision. The sole question presented is as to which of these two paragraphs is the more specific as applied to the case in hand.

In the case of Thomsen v. United States (2 Ct. Cust. Appls., 37; T. D. 31590) we had before us the question of the relative specificity of the two paragraphs 214 and 463. Paragraph 463 imposes a duty of 35 per cent ad valorem upon "manufactures of bone, chip, grass, horn, quills, india rubber, palm leaf, straw, weeds, or whalebone, or of which these substances or any of them is the component material of chief value, not specially provided for in this section." It was claimed that as this paragraph provided for the manufactures of chip and made them dutiable at 35 per cent ad valorem, it was more specific than paragraph 214, which related to baskets of wood. But the court answered this contention as follows:

The term "baskets," being the name of the article, seems clearly to be a more exact and specific designation of them than the term "manufactures." This latter term in this application is one of general description only. The fact that the component material is more specifically described in the second paragraph does not conflict with this conclusion, for nevertheless the term baskets is the exact and specific name of the article itself.

See also Brody v. United States (2 Ct. Cust. Appls., 15; T. D. 31573); Krauss v. United States (2 Ct. Cust. Appls., 17; T. D. 31574).

The Board of General Appraisers relied for its decision upon the two cases of Hempstead *v.* United States (168 Fed. Rep., 450), and Woodruff *v.* United States (168 Fed. Rep., 452). These cases presented a question analagous in principle to that here involved. In the Hempstead case the importation was a table, ornate in design, whose framework and principal bulk were of wood, while its decorations consisted partly of paint and partly of brass work either inlaid or affixed. The importers conceded that the brass work was the component material of chief value, and the Board of General Appraisers classified the merchandise under paragraph 193 of the tariff act of 1897 as an article "composed wholly or in part of metal, whether partly or wholly manufactured," and assessed the duty at 45 per cent ad valorem. The paragraph under which the assessment was made contained the qualifying clause "not specially provided for in this act," as did also the competing paragraph 208, which reads as follows:

House or cabinet furniture, of wood, wholly or partly finished, and manufactures of wood, or of which wood is the component material of chief value, not specially provided for in this act.

The court first eliminated the phrase "of which wood is the component material of chief value" by holding that it qualified only the term "manufactures of wood," leaving the provision as though it had read, "house or cabinet furniture of wood, not specially provided for in this act." The court held that "house or cabinet furniture of wood" was more specific than the phrase "composed wholly or in part of metal, whether partly or wholly manufactured," although it appeared that the brass work on the article imported was the component material of chief value. The case is clearly in point to sustain the ruling of the board.

The case of Woodruff *v.* United States was a case where the competing provisions were, "cloths, knit fabrics, and all manufactures of every description made wholly or in part of wool, not specially provided for in this act," and the same paragraph (208) involved in the Hempstead case. The Government also relied in that case upon the silk paragraph, in terms substantially like that above quoted, but the court followed the decision of Judge McPherson in the Hempstead case and held that "house or cabinet furniture, of wood," was more specific than either of the contesting provisions.

The present case is clearer than either the Hempstead or the Woodruff cases. "Baskets" is an *eo nomine* term, and it would seem that the only requirement to bring it within the terms of paragraph 214 is to say that it is in fact the article described, namely, a basket composed of bamboo, wood, straw or compositions of wood. If so, it is specifically provided for.

That willow and rattan are each a kind of wood has been determined.    Brody v. United States (2 Ct. Cust. Appls., 15; T. D. 31573) and Foppes v. United States (72 Fed. Rep., 45).

We think the case is ruled in principle by Thomsen v. United States (2 Ct. Cust. Appls., 37; T. D. 31590), and the decision of the Board of General Appraisers is *affirmed*.