KNAUTH, NACHOD & KUHNE *v.* UNITED STATES (No. 744).[1]

WOVEN COTTON CLOTH WITH AN ARTIFICIAL SILK FLOCK.

The merchandise is a cotton cloth coated and artificial silk constitutes its value in chief.   In determining its proper classification the rule applies that an *eo nomine* provision is more specific than words of general description.   The duty is not imposed upon the artificial silk as such, but upon a designated article, "cotton cloth, coated."   Cotton cloth, coated, is dutiable under paragraph 321, tariff act of 1909.— United States *v.* Zinn & Co. (2 Ct. Cust. Appls., 419; T. D. 32171).

United States Court of Customs Appeals, January 23, 1912.

APPEAL from Board of United States General Appraisers, Abstract 26218 (T. D. 31788).

[Reversed.]

*Brown & Gerry* for appellants.

*Wm. L. Wemple*, Assistant Attorney General (*Thos. J. Doherty* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The importations involved in this case are governed by the tariff act of 1909.   They consist of woven cotton cloth coated with an artificial silk flock, the artificial silk constituting the chief value of the article.   They were classified by the collector as "articles or fabrics composed in chief value of artificial silk," within the terms of paragraph 405, and were assessed with duty at the rate provided by that paragraph.

The importers filed their protest to this ruling and contended that the goods should be classified as "cotton cloth, coated," within the provisions of paragraph 321 of the act.

The protest was duly heard by the Board of General Appraisers and was overruled.   The appellants now pray for a reversal of that decision.

The brief description of the importations above set out is sufficient to indicate that each of the two competing designations aptly covers them.   The goods are "cotton cloth, coated," and they are likewise "articles or fabrics composed in chief value of artificial silk."   Such a use of the word "fabric" seems at first view to be somewhat doubt-ful; it is sustained, however, by the authority of Converse *v.* United States (113 Fed. Rep., 817).   The question therefore arises, Which of the two designations is the more specific, or is otherwise the more apt and exact, designation of the articles in question?

The question thus presented seems to find its appropriate answer in the well-known rule that "an *eo nomine* provision is more specific than a provision couched in words of general description."

The duty now in question is not laid upon the artificial silk as such, but rather upon certain articles as entireties of which the silk is only

---

[1] Reported in T. D. 32229 (22 Treas. Dec., 178).

one component part. One of the competing paragraphs names the dutiable article directly as cotton cloth, coated; the other paragraph describes it as any article or fabric composed in chief value of artificial silk. The latter paragraph does not specifically name the articles or fabrics which are thus to be composed in chief value of artificial silk, nor does it define their form or use; nor does it specify what other material or materials shall or may enter into their composition. This latter description is general, and includes any and all articles or fabrics in chief value of artificial silk, at least all such as are *ejusdem generis* with those named in the paragraph in question. It seems, therefore, that the cotton paragraph is that which applies to the goods by force of a direct and exact name for them, and should for that reason control their classification.

In the case at bar the record contains an illustration of the natural and reasonable character of this rule and the propriety of its application to this case. Upon the filing of the importers' protest the appraiser examined the importation and made his return to the collector. In this return he reported the goods to be "cotton cloth coated with artificial silk, the artificial silk being of chief value." That is to say, when the appraiser came to name the article in question for assessment as an entirety he adopted the substantive "cotton cloth" as such name, following it with appropriate terms of description. And this is obviously the apt and exact designation of the article in fact, and by that name it is specifically included within the cotton paragraph.

The principles which are thus suggested are near akin to those underlying the case of the United States *v.* Zinn & Co. (2 Ct. Cust. Appls., 419; T. D. 32171), which has been decided by this court during the present term. That case involved silk-lined baskets, silk being the original component material of chief value. The articles were held to be baskets of wood, rather than manufactures in chief value of silk, upon the ground that the former designation, being *eo nomine* in character, should prevail over the latter, which is in the nature of a general description only.

In the brief of appellee it is conceded that an *eo nomine* provision should ordinarily prevail over one containing a mere general description, but it is furthermore contended that "words of general description may be so chosen as to exhibit unmistakably an intention to embrace within their scope a particular group of articles which might also fall within the terms of some class designation that likewise appears in the tariff law." The case of Oppenheimer *v.* United States (71 Fed. Rep., 869) is cited as an authority much in point. In that case hoods made of cotton chenille were held dutiable under a provision for "all goods manufactured of cotton chenille," rather than as "clothing, ready made, composed of cotton, not specially provided for." However, the following extract from the opinion rendered in

the cited case detracts materially from its force as an authority for appellee's contention:

It will be observed that the chenille provision does not contain the qualifying words "not otherwise provided for," and thus is in its phraseology absolute and exclusive. On the other hand, the wearing apparel provision is qualified by the words "not specially provided for in this act," thus evincing the intention of Congress to except some articles of cotton wearing apparel from the general enumeration.

In addition to the foregoing considerations the cotton paragraph seems to be the more exactly applicable to these goods because it contains a special reference to the coating process whereby the artificial silk flock is imposed upon the cotton cloth. A striking characteristic of the merchandise, upon inspection, is the manner in which the flock is attached by a binding to the surface of the cotton fabric. This is a coating only, for the artificial silk does not enter into the real web of the goods, but may easily be scraped from the surface of the article without otherwise affecting its structure. The article is therefore very distinctively a cotton cloth, coated, and that description seems especially apt and definite in its application to the same. It narrows and makes specific the manner in which the artificial silk is applied or added to the article in question.

Upon the considerations above suggested the court reaches the conclusion that the goods in question should be classified in accordance with the contention of the importers, and the decision of the board is therefore *reversed*.