UNITED STATES *v.* DECORATIVE NOVELTY Co. (No. 3184)[1]

United States Court of Customs and Patent Appeals, October 28, 1929

*Charles D. Lawrence,* Assistant Attorney General (*Kenneth G. Osborn,* special attorney, of counsel), for the United States.

No appearance for appellee.

[Oral argument October 11, 1929, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal by the Government from a judgment of the United States Customs Court.

The merchandise involved consists of baskets of wood, colored. It was assessed for duty by the collector at the port of Los Angeles at 45 per centum ad valorem under paragraph 409 of the Tariff Act of 1922, which reads as follows:

PAR. 409. Porch and window blinds, baskets, chair seats, curtains, shades, or screens, any of the foregoing wholly or in chief value of bamboo, wood, straw, papier-mâché, palm leaf, or compositions of wood, not specially provided for, 35 per centum ad valorem; if stained, dyed, painted, printed, polished, grained, or creosoted, 45 per centum ad valorem.

The importer protested the collector's classification, claiming that the merchandise was dutiable at 25 per centum ad valorem as manufactures of chip under paragraph 1439, the pertinent part of which reads as follows:

PAR. 1439. Manufactures of bone, chip, grass, horn, quills, india rubber, gutta-percha, palm leaf, straw, weeds, or whalebone, or of which these substances or any of them is the component material of chief value, not specially provided for, 25 per centum ad valorem; * * *

The court below held that the merchandise was dutiable as manufactures of chip under paragraph 1439 and sustained the protest.

The baskets are in chief value of wood, colored. It is conceded that they are composed in chief value of chip. They are, therefore, covered by the provisions of each of the paragraphs in question.

[1] T. D. 43650.

The only issue in the case involves the question of relative specificity.

It is claimed by the Government that the provision for baskets of wood, contained in paragraph 409, more aptly describes the merchandise than the provision for manufactures of chip in paragraph 1439.

In the case of *Thomsen* v. *United States*, 2 Ct. Cust. Appls. 37, T. D. 31590, the precise issue was before this court. The statutes involved were paragraphs 214 and 463 of the Tariff Act of 1909. Paragraph 214 of that act provided for baskets of wood at 35 per centum ad valorem, "if stained, dyed, painted, printed, polished, grained, or creosoted, forty per centum ad valorem"; while paragraph 463 provided for "Manufactures of * * * chip, * * * not specially provided for in this section, thirty-five per centum ad valorem; * * *." The court held that the baskets were more specifically provided for in paragraph 214, and, in so doing, said:

The term "baskets", being the name of the articles, seems clearly to be a more exact and specific designation of them than the term "manufactures." This latter term in this application is one of general description only. The fact that the component material is more specifically described in the second paragraph does not conflict with this conclusion, for nevertheless the term "baskets" is the exact and specific name of the article itself.

This decision is so obviously sound as to make further comment unnecessary.

As the competing provisions of paragraphs 409 and 1439 of the Tariff Act of 1922, are, in all material respects, the same as those contained in paragraphs 214 and 463, respectively, of the act of 1909, the question is *stare decisis*. Accordingly, we hold that the merchandise was properly assessed by the collector.

The judgment is *reversed*.

*Charles D. Lawrence*, Assistant Attorney General (*Kenneth G. Osborn*, special attorney, of counsel), for the United States.
No appearance for appellee.

