UNITED STATES *v.* AMERICAN IMPORT CO. (No. 3185)[1]

United States Court of Customs and Patent Appeals, October 28, 1929

*Charles D. Lawrence,* Assistant Attorney General (*Kenneth G. Osborn,* special attorney, of counsel), for the United States.

No appearance for appellee.

[1] T. D. 43651.

[Oral argument October 11, 1929, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal by the Government from a judgment of the United States Customs Court.

The merchandise consists of baskets of wood, colored. It was assessed for duty by the collector at the port of Los Angeles at 45 per centum ad valorem under paragraph 409 of the Tariff Act of 1922. The importer protested this classification claiming that the baskets were dutiable at 25 per centum ad valorem under paragraph 1439 of that act.

The case was submitted to the court below upon the appraiser's report in answer to the protest. The pertinent part of the report reads as follows:

The merchandise covered by this protest is colored baskets composed of chip and are therefore properly dutiable under par. 409 at 45%.

Upon this record the court below sustained the protest holding that the provision for manufactures of chip contained in paragraph 1439 more aptly described the merchandise than the provisions for baskets of wood, stained, dyed, or painted, contained in paragraph 409.

The issue here is identical with that in the case of *United States v. Decorative Novelty Co.*, suit No. 3184, decided concurrently herewith. We there held that the question of relative specificity was *stare decisis*, having been determined by this court in the case of *Thomsen v. United States*, 2 Ct. Cust. Appls. 37, T. D. 31590, and that the merchandise was more specifically provided for as baskets of wood, stained, dyed, or painted, at 45 per centum ad valorem under paragraph 409.

The judgment is *reversed*.