**No. 57785.**—Davies, Turner & Company *v.* United States, protest 189494–K (Philadelphia).

FORD, Judge: The suit listed above was filed by the plaintiff seeking to recover certain sums of money alleged to have been illegally exacted upon two importations of umbrella handles. The collector classified the merchandise as "Umbrella Handles" and levied duty thereon at the rate of 40 percent ad valorem under paragraph 1554 of the Tariff Act of 1930. The plaintiff claims said merchandise to be properly dutiable at 20 percent ad valorem under said paragraph 1554, or at 25 percent or 16⅔ percent under paragraph 412, "all of the foregoing rates being established by modifications under the General Agreement on Tariffs and Trade (T. D. 51802, T. D. 51898 [T. D. 52373], T. D. 52476)."

The pertinent portion of paragraph 1554 of the Tariff Act of 1930, under which the merchandise was classified, is as follows:

* * * handles and sticks for umbrellas, parasols, sunshades, and walking canes, 40 per centum ad valorem, except that if wholly or in chief value of resin, the rate shall be 75 per centum ad valorem.

Said paragraph 1554, as modified, *supra*, reads as follows:

Handles and sticks for umbrellas, parasols, sunshades, and walking canes, not wholly or in chief value of synthetic resin or compounds of cellulose (except handles and sticks wholly or in chief value of wood and valued at less than $2.50 per dozen), 20% ad val.

At the trial, an official sample of the involved merchandise was admitted in evidence as exhibit 1, and counsel for the respective parties agreed that the items of merchandise described on the invoices as "men's or ladies' whangee umbrella handles" consists of handles for umbrellas, valued at less than $2.50 per dozen, composed wholly or in chief value of a material known as whangee, not synthetic resins or compounds of cellulose, and the case was submitted for decision.

The language of paragraph 1554, heretofore quoted, is sufficiently comprehensive to cover and include any and all handles and sticks for umbrellas, parasols, sunshades, and walking canes, of whatever material composed, except those wholly or in chief value of resin. This would include handles and sticks for umbrellas composed wholly or in chief value of wood and handles and sticks for

umbrellas wholly or in chief value of bamboo, or wholly or in chief value of whangee. It is, therefore, clear that but for the General Agreement on Tariffs and Trade, *supra*, the involved umbrella handles would have to find classification under said paragraph 1554. Whether the merchandise is classifiable under paragraph 1554 of the Tariff Act of 1930, as originally written, or under said paragraph, as modified by the General Agreement on Tariffs and Trade, *supra*, depends upon whether or not the involved handles are in chief value of wood.

Counsel for the plaintiff, in its brief filed herein, quotes the following definitions of whangee and bamboo:

New Standard Dictionary:

*Whanghee.* N. (Chin.)   Any one of the several Chinese and Japanese bamboos of the genus Phyllostachys;
*Phyllostachys.*   N. bot.   A genus of bamboo grasses with slender cylindrical culms, grown in China and Japan;
*Bamboo.*   1.   Any tall tree-like or shrubby grasses of the genus *Bambusa* or of an allied genus, as Dendrocalamus.

The Century Dictionary and Cyclopedia:

*Phyllostachys.*   A genus of arborescent grasses, of the tribe *Banboseae* and subtribe *Arundinaricae,* * * * P. *nigera* is the wanghee-cane of China, * * *
*Bamboo.*   1. (a)   The common name of the arborescent grasses belonging to the genus Bambos (see Bambusa) and its allies.

Manual of Cultivated Plants, Revised Edition, by L. H. Bailey (1949):

*Phyllostachys.*   This genus provides much of the bamboo of domestic commerce and most of the pulp paper of the Orient.
P. *Nigra,* Black bamboo—China, Japan.
P. *Aurea,* Yellow bamboo—China, Japan.

Webster's New International Dictionary:

*Whangee.*   1.   One of several Chinese bamboos of the genus *Phyllostachys.*
*Phyllostachys.*   Bot.   A genus of Chinese and Japanese bamboo grasses having slender cylindrical culms used for walking sticks, bamboo furniture, etc.
*Bamboo.*   1.   Any woody or arborescent grass of the genus *Bambusa* or any other related genus, as *Arundinaria, Dendrocalamus,* etc., widely distributed in the tropics and subtropics of both hemispheres.

The Oxford Dictionary:

*Whangee.*   Also w(h)anghee.   (Chinese *huang* bamboo sprouts too old for eating, * * * ).   A cane made from the stem of one or other species of Phyllostachys, Chinese and Japanese plants allied to and resembling bamboos.
*Bamboo.*   A genus of giant grasses (genus Bambosa) numerous species of which are common throughout the tropics.

Plaintiff's counsel also quotes the following definitions of "wood":

Webster's New International Dictionary:

*Wood.*   N. 5—The hard fibrous substance which makes up the greater part of the stems and branches of trees or shrubs beneath the bark and is found to a limited extent in herbaceous plants.

Century Dictionary and Cyclopedia:

*Wood.*   N. 2—The substance of trees; the hard fibrous substance that composes the body of a tree and its branches, and which lies beneath the pith and the bark.

New Standard Dictionary:

*Wood.*   N. 2 (Bot.)   The substance of which a tree or shrub is composed; in an exogenous stem, the hard solid part between the pith and the bark, made up of the xylem portions of the fibrovascular bundles.

Counsel for the plaintiff admits in its brief filed herein that "* * * in its broadest sense the term 'wood' includes all types of the woody substance contained in various plant life more highly organized than mosses, such as fern, stalks, canes,

etc., * * *." Counsel contends, however, that such substances are not ordinarily regarded as wood. With the above contention, we are not in agreement. For the reasons presently stated, we are of the opinion that the involved umbrella handles must be held to be wholly or in chief value of wood, and, therefore, within the exception to said paragraph 1554, as modified, *supra*.

In *Calumet Manufacturing Co.* v. *United States*, 44 Treas. Dec. 403, T. D. 39938, this court considered the proper classification of certain lanterns composed of paper, bamboo, and other wood, the other wood being the component material of chief value. These lanterns were classified under paragraph 407 of the Tariff Act of 1922, the pertinent part of which was as follows:

* * * all articles not specially provided for, wholly or partly manufactured of rattan, bamboo, osier or willow, 45 per centum ad valorem.

The merchandise was claimed to be dutiable under paragraph 410 of said act as:

* * * manufactures of wood * * * or of which wood * * * is the component material of chief value, not specially provided for, 33⅓ per centum ad valorem.

In disposing of that case, this court said, in part:

The manifest purpose of the Congress in framing this provision of paragraph 407 was to provide a higher duty for articles made in whole or in part of bamboo than for manufactures of wood regardless of whether *wood other than bamboo* was the component material of chief value. [Italics ours.]

In *Tuska* v. *United States*, 1 Ct. Cust. Appls. 535, T. D. 31547, the merchandise involved consisted of bags and baskets which had been classified as manufactures of wood, not specially provided for, under paragraph 208 of the Tariff Act of 1897. This merchandise was claimed dutiable as chip under paragraph 449 of the same act. In disposing of the issue, the Court of Customs Appeals said:

From the evidence we conclude that chip is made by splitting or shaving wood into thin, flexible, narrow strips. Considering the process of manufacture in conjunction with the definitions given, we are of the opinion that the chip referred to in paragraph 449 may be defined as flat, narrow strips of wood split or shaved to a thinness and flexibility which will permit of their being woven, braided, or plaited into a definite shape or form. That chip is not limited by the statute to such material as is fit only for the manufacture of hats and bonnets does not seem to be debatable. Paragraph 409 specifically provides for hats, bonnets, and hoods made of chip, from which it may be deduced that the provisions of paragraph 449 are meant to cover manufactures of chip other than hats, bonnets, or hoods made of chip. From the testimony and samples it is evident that the baskets represented by Exhibits 1, 2, 6, and 7 are made of flattish, narrow strips of bamboo split so thin as to be flexible and to allow of their being woven or braided into the form desired. As bamboo is admittedly a wood, we must hold that the baskets so made are manufactures of chip and therefore dutiable under the provisions of paragraph 449. Morimura v. United States (167 Fed. Rep., 687; T. D. 29566.) See also T. D. 29696.

* * * The entries will therefore be reliquidated, and all bags or baskets of split bamboo, represented by Exhibits 1, 2, 6, and 7, will be assessed for duty as manufactures of chip under the provisions of paragraph 449, and all bags or baskets of wistaria or rattan, represented by Exhibits 3, 4, and 5, will be assessed for duty as manufactures of wood under the provisions of paragraph 208.

From the foregoing quotation, it appears that the court first held chip to be splittings or shavings of wood into thin, narrow, flexible strips, and, based upon that holding, it then held the bags or baskets of split bamboo properly classifiable as manufactures of chip.

The lexicographical definitions cited by counsel for the plaintiff in its brief are convincing that whangee is a form of bamboo, and, since in the foregoing decisions bamboo has been held to be wood, we see no escape from the conclusion that the involved umbrella handles are made of wood. In the preparation of the General Agreement on Tariffs and Trade, *supra*, the negotiators are charged with knowl-

edge of the foregoing decisions holding bamboo to be wood. Therefore, when the said negotiators excepted umbrella handles wholly or in chief value of wood from the provisions of said paragraph 1554, as modified by the General Agreement on Tariffs and Trade, *supra*, they also included in said exception, umbrella handles wholly or in chief value of bamboo. In view of the foregoing decisions, it was not necessary that the negotiators specifically except from said paragraph 1554 of the General Agreement on Tariffs and Trade, *supra*, umbrella handles wholly in chief value of bamboo. The courts had already held bamboo to be wood.

The umbrella handles, being in chief value of wood, are specially provided for as such under said paragraph 1554. Therefore, the provision in said paragraph 412 for manufactures of wood, not specially provided for, has no application to the involved merchandise.

For the reasons stated, and following the authorities cited, all claims of the plaintiff are overruled. Judgment will be rendered accordingly.