**No. 58171.**—Swanson-Lindstrand, Inc. *v.* United States, protests 186725–K and 186723–K (San Francisco).

MOLLISON, Judge: The merchandise the subject of these protests, which were consolidated for trial and disposition, is described on the invoices as "Woven Veneer" and was assessed with duty by the collector of customs at the rate of 25 percent ad valorem under the provision in paragraph 1537 (a) of the Tariff Act of 1930 for "Manufactures of * * * chip * * * not specially provided for." The protest claim is for duty at the rate of 16⅔ percent ad valorem under the provision in paragraph 412 of the same act, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, for manufactures of wood, not specially provided for.

A sample of the imported merchandise, received in evidence without objection as plaintiff's exhibit 1, apparently represents the merchandise described on the

invoices as "Walnut Woven Veneer" in all respects, save in outside dimensions. It consists of thin, narrow strips of wood, approximately ¼ or ⅜ inch wide and ¹⁄₁₆ inch or less in thickness, laid lengthwise and joined to each other by cotton cords or threads woven in over-and-under fashion, each row of cords or threads being spaced about 1 inch apart. The merchandise described on the invoices as "Aspen Woven Veneer" is represented by plaintiff's exhibit 2, and the merchandise described as "Abachi Woven Veneer" is represented by plaintiff's exhibit 3. The wood material of plaintiff's exhibits 2 and 3 is represented by plaintiff's exhibits 2-A and 3-A, respectively. The merchandise is apparently imported in rolls from 1 to 3 meters wide and 25 to 50 meters long and is used in the manufacture of window blinds.

No issue is raised as to the merchandise being manufactured, or that the material of which it was made was wood. Consequently, the burden was assumed by plaintiff of establishing that the wood material in question was not the wood material known as chip.

In attempting to meet this burden, Gunnar Swanson, president of the plaintiff corporation, the business of which is importing wood screenings, wood veneer, and inlaid furniture, testified in its behalf. Mr. Swanson had been a carpenter in both Sweden and the United States, had worked in a furniture factory in Sweden, had a furniture refinishing shop in the United States, and was a licensed building contractor in the erection of homes.

He identified the wood strips in the exhibits as "veneer," which, according to his experience, was produced as follows: Logs were cut into lengths as much as 8 feet, stripped of bark, and placed in a machine of the lathe type. The machine revolved the log against a knife which peeled off a thin sheet of wood from the log, which sheet was later cut into the narrow strips of the imported merchandise.

The witness stated that, in his opinion, the strips in the merchandise at bar could not be plaited or braided, but that they could be woven. Later, however, he explained that by "woven" he meant in the sense that the strips were woven with the cotton cords or threads to produce the imported merchandise.

According to the witness, none of the imported articles were known as chipwood or chipwood blinds in the United States, and his firm bought and sold them under the name "woven veneer."

Robert D. Scott, who stated that he was "in charge of placing material, calculating costs," a sort of supervisory position, for an import and export firm, testified for the defendant. His firm handled merchandise similar in construction, although not of the same woods, as the merchandise at bar, and he stated that such material was bought and sold by his firm as chipwood or chip blind material.

Counsel for both sides have cited the decision of the Court of Customs Appeals in the case of *Tuska* v. *United States*, 1 Ct. Cust. Appls. 535, T. D. 31547, as supporting their respective positions. In that case, the court defined "chip," as used in paragraph 449 of the Tariff Act of 1897, a predecessor of paragraph 1537 (a) of the present act, as follows:

From the evidence we conclude that chip is made by splitting or shaving wood into thin, flexible, narrow strips. Considering the process of manufacture in conjunction with the definition given, we are of the opinion that the chip referred to in paragraph 449 may be defined as flat, narrow strips of wood split or shaved to a thinness and flexibility which will permit of their being woven, braided, or plaited into a definite shape or form.

It is the position of counsel for the plaintiff that the testimony of witness Swanson at the trial established that the strips used in the manufacture of the merchandise at bar do not possess such flexibility as will permit weaving, braiding, or plaiting, and that, consequently, under the foregoing definition, the merchandise at bar was not manufactured of chip.

We are of the opinion that insofar as it was competent, the evidence did not go that far. Witness Swanson identified the strips with which the imported merchandise was made as "veneer" and demonstrated a familiarity with veneer. There is no competent evidence that veneer in strip form is different from chip, and the witness did not show any familiarity with the material known as chip. His statements that the merchandise could not be woven, braided, or plaited are not shown to be based upon any knowledge on his part of those matters as facts, but appear to be solely his opinion on the subject.

While the court does not pretend to possess any expert knowledge on the subject of chip or of weaving, braiding, or plaiting thin, flexible, narrow strips of wood, an examination of the exhibits shows the merchandise to be composed of thin, flexible, narrow strips of wood and that no reason is manifest why they could not be woven in over-and-under fashion to produce a woven matlike result.

Whatever evidentiary value might be attached to the testimony of witness Swanson that his firm buys and sells the merchandise as "woven veneer" and not as chipwood or chip wood blinds, was offset by the testimony of defendant's witness that such material was bought and sold by his firm as chipwood or chip blind material.

We are of the opinion that the evidence offered in support of the plaintiff's claim was insufficient to overcome the presumption of correctness attaching to the collector's action.

Judgment will therefore issue overruling the protests accordingly.